UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KERRY D. YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02300-WTL-DML |
| | ) | |
| USA, , | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
And Denying Certificate of Appealability**

The Seventh Circuit Court of Appeals authorized the petitioner to file a second or successive motion to vacate under 28 U.S.C. § 2255, which led to the opening of this action. In his § 2255 motion, the petitioner argues that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence is unconstitutional. The Court appointed counsel for the petitioner, but the petitioner's counsel eventually withdrew. The petitioner then filed a *pro se* brief in support of his motion that raises additional non-*Johnson* claims. The respondent filed a response brief addressing all of the petitioner's claims. The petitioner's deadline to file a reply brief has passed and he has not filed anything with the Court. For the reasons stated below, the petitioner's motion for relief under § 2255 is **denied**.

First, the petitioner challenges his sentence pursuant to *Johnson*. The Seventh Circuit recently summarized *Johnson*'s holding:

> *Johnson* holds that part of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutional. . . . The statute defines some of these categories and adds a kicker in clause (ii), which classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or

otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). The petitioner argues that he was sentenced as a career offender under United States Sentencing Guideline § 4B1.2(a)(2) and thus because *Johnson* held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague, it follows that the identical residual clause in the career offender provision of the Sentencing Guidelines is also unconstitutionally vague.

The respondent points out that the petitioner was not sentenced pursuant to the career offender provision but, instead, was sentenced to 180 months' imprisonment in accordance with the terms of the Plea Agreement. But even if he was sentenced as a career offender, the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017), held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. In other words, the holding of *Johnson* does *not* apply to cases, like the petitioner's, challenging guideline calculations, and thus he is not entitled to relief on this basis.[1]

Second, the petitioner's supplemental brief raises claims pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). But the Seventh Circuit only authorized the petitioner to raise a *Johnson* claim in his successive § 2255 motion. *See* No. 1:09-cr-00081-WTL-KPF-1, Dkt. 39 at 1 ("[W]e . . . **AUTHORIZE** the district court to consider the *Johnson* claim, along with the government's defenses."). The petitioner cannot raise non-*Johnson* claims, such as those under *Dean* and *Mathis*, without first receiving authorization

---

[1] As an alternative basis to reject the petitioner's claims, the respondent argues that the collateral attack waiver in his Plea Agreement forecloses him from challenging his sentence. Because the petitioner's claims lack merit, the Court need not address whether the collateral attack waiver bars the petitioner's claims.

from the Seventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Holt v. United States*, 843 F.3d 720, 722-23 (7th Cir. 2016). Because he has not done so, this Court may not consider those claims.

The foregoing shows that the petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:09-cr-00081-WTL-KPF-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/25/2017

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KERRY D. YOUNG
09202-028
MILAN - FCI
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov