UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KERRY D. YOUNG, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-02300-WTL-DML |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Denying Motion to Alter or Amend the Judgment**

The Court entered Final Judgment in this action on August 23, 2017, ruling that the petitioner's *Johnson* claim lacked merit and that his *Dean* and *Mathis* claims were not properly before the Court. Presently before the Court is the petitioner's Motion to Correct error in which he asks the Court to reconsider that decision. Notably, the petitioner did not file a reply to the respondent's response to his § 2255 motion, so the petitioner seeks to utilize this Rule 59 motion as a substitute for his failure to reply. Nevertheless, given its substance, this motion shall be treated as a Rule 59(e) motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("[W]hether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it.").

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale

disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

The petitioner has failed to establish that the Court made a manifest error of law and does not contend that there is any newly discovered evidence. As to the petitioner's *Johnson* claim, the Court rejected it on two grounds that remain sound. First, the Court noted that the petitioner was not sentenced pursuant to the career offender provision of the United States Sentencing Guidelines, but was instead sentenced pursuant to the Plea Agreement. Second, even if the career offender provisions impacted the petitioner's sentence, the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017), held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause, which means that *Johnson* does not apply to claims like the petitioner's here.

Nor did the Court make a manifest error of law as to the petitioner's claims raised pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Court explained:

> the Seventh Circuit only authorized the petitioner to raise a *Johnson* claim in his successive § 2255 motion. *See* No. 1:09-cr-00081-WTL-KPF-1, Dkt. 39 at 1 ("[W]e . . . AUTHORIZE the district court to consider the *Johnson* claim, along with the government's defenses."). The petitioner cannot raise non-*Johnson* claims, such as those under *Dean* and *Mathis*, without first receiving authorization from the Seventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Holt v. United States*, 843 F.3d 720, 722-23 (7th Cir. 2016). Because he has not done so, this Court may not consider those claims.

Dkt. 14 at 2-3. The petitioner argues that his *Dean* and *Mathis* claims should not be considered part of a second or successive § 2255 motion because they were unavailable at the time of his first § 2255 motion, and thus not subject to the authorization process of § 2244(b)(3)(A). Dkt. 16 at 7-

8 (citing *United States v. Obeid*, 707 F.3d 898, 903-04 (7th Cir. 2012)). But *Obeid* holds that second-in-time § 2255 motions are not considered second or successive when the "*factual predicate* that gives rise to the claim has not yet occurred." *Id.* at 902 (emphasis added); *see Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the petitioner's *Dean* and *Mathis* claims were not unavailable to him in the sense that the factual predicate for them recently occurred, but they were unavailable in that the legal predicate—*Dean* and *Mathis*—did. The holding of *Obeid* does not cover the latter situation. If it did, § 2255 motions raising *Johnson* claims would not be considered second or successive and thus would not require authorization, which is of course not the case. *See, e.g.*, *Holt*, 743 F.3d at 722-23. Therefore, the Court did not make a manifest error of law in concluding that the petitioner's *Dean* and *Mathis* claims required authorization from the Seventh Circuit.

For these reasons, the petitioner's Rule 59(e) motion, Dkt. No. 16, is **denied**.

**IT IS SO ORDERED.**

Date: 9/18/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KERRY D. YOUNG
09202-028
MILAN - FCI
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

Electronically registered counsel